# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **LIBRADO GONZALES, 1099678,** | § | |
| Petitioner, | § | |
| | § | No. 3:04-CV-1784-H |
| v. | § | ECF |
| | § | |
| **DOUGLAS DRETKE, Director, TDCJ-CID,** | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On April 11, 2002, Petitioner was found guilty of sexual assault. *State of Texas v. Librado Gonzales*, No. F-017080-WQ (204th Jud. Dist. Ct., Dallas County, Tex., April 11, 2002). Petitioner's conviction was enhanced with two prior felony convictions for murder and burglary of a vehicle. Petitioner was sentenced to twenty-five years confinement.

On January 17, 2003, Petitioner filed an appeal. On March 31, 2003, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Gonzales v. State*, No. 05-02-00702-CR (Tex. App. – Dallas, 2003, pet. ref'd). On September 3, 2003, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Gonzales v. State*, PDR No. 855-03.

On December 22, 2003, Petitioner filed a state petition for habeas relief. *Ex parte*

*Gonzales*, No. 58,707-01.  On June 30, 2004, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On August 16, 2004, Petitioner filed this federal petition.  He argues:

(1)  he received ineffective assistance of counsel because counsel –

    (a)  failed to file a motion in limine to exclude evidence of his prior murder conviction;[1]

    (b)  placed Petitioner on the witness stand knowing that Petitioner's prior convictions would be admitted into evidence;

    (c)  failed to object to Petitioner's prior convictions being admitted into evidence;

    (d)  failed to object to the jury charge;

    (e)  filed only one pretrial motion for discovery which was not ruled on;

    (f)  failed to request a lesser included instruction; and

    (g)  failed to investigate the case;

(2)  the evidence was insufficient to support his conviction; and

(3)  the jury charge was defective.

## II.  Discussion

### 1.  Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

---

[1] Although Petitioner had two prior felony convictions, the state cross-examined Petitioner only on the murder conviction.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -2-

> The record contains evidence that on April 22, 2001, V.G., [Petitioner's] great-niece, attended a family party at which she saw [Petitioner]. Sometime around 2:00 a.m., V.G. asked [Petitioner] to give her a ride home because her mother had already left the party. [Petitioner] drove a friend home first, then he drove to a wooded area in the 1000 block of Sylvan Street. After V.G. got out of the car, [Petitioner] asked her to pull down her shorts. V.G. refused. [Petitioner] pulled down V.G.'s shorts and underwear, put her on the trunk of his car, pulled her legs apart, and began kissing and licking her vagina. V.G. told [Petitioner] "no" and "stop" and tried to push him away. [Petitioner] then told V.G. to lay on the ground. She refused. [Petitioner] pulled V.G. down to the ground, then he tried to insert his penis into her vagina. V.G. continued to say "no" and "stop." When [Petitioner] finally stopped, he told V.G. he was sorry and he would take her home. [Petitioner] offered to give V.G. a car if she agreed not to tell anyone about the incident. V.G. got home around 3:00 a.m., woke her sister, and told her [Petitioner] tried to rape her. V.G. went to police later that morning.

*Gonzales v. State*, No. 05-02-00702-CR, slip op., at 2.

**2.    Standard of Review**

The pertinent terms AEDPA state:

(d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

   (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle

from the United states Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA. Additionally, under 28 U.S.C. § 2254(d), a presumption of correctness must be accorded findings of fact made by a state habeas court if supported by the record. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citation omitted).

**3.     Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### (a) Motion in limine

Petitioner argues his counsel was ineffective because he failed to file a motion in limine to exclude evidence of his past conviction. The record shows, however, that Petitioner's counsel filed a pre-trial motion that requested, "a hearing outside the presence of the jury before any evidence of extraneous transactions or evidence of other crimes, wrongs, or acts allegedly committed by the defendant, or reputation testimony, is offered by the State, and further requests notice thereof prior to trial, pursuant to Rule 404(b), Texas Rules of Evidence." (Clerk's Record at 11). Defense counsel's pre-trial motion also requested written notice from the prosecution of any prior conviction that the state intended to use to impeach the Petitioner. (*Id*. at 13). Additionally, defense counsel requested that the court allow Petitioner to testify during the guilt/innocence phase of the trial free from impeachment by any prior convictions. (*Id*. at 13-14). Petitioner's claim that his counsel was ineffective for failure to file a motion in limine is without merit and should be denied.

### (b) Testimony

Petitioner argues his counsel was ineffective for calling him to testify, knowing that Petitioner's murder conviction would be admitted into evidence. The record shows, however, that Petitioner voluntarily testified and that he knew his prior conviction would be used to impeach him. The trial transcripts state:

> Defense counsel: Judge, let me state for the court that I have informed the defendant of his right to testify and the circumstances under which he will testify and he will be subject to cross-examination and penalties of perjury as any other witness. He's aware that he does not have to testify and I have informed him that if he chooses not to testify that the court will instruct the jury not to consider that as a circumstance against him whatsoever.

|  | He has told me that he intends to testify and I'm letting the record reflect, Mr. Gonzales, your decision is you wish to testify in your own behalf. |
|---|---|
| Petitioner: | Yes, sir. |
| Defense counsel: | We will call him as a witness, then, judge, as soon as the jury returns. |
| The Court: | All right. [Petitioner], you understand what your attorney indicated and what the court's ruling is, that they will be able to ask you about this previous conviction. You understand that? |
| Petitioner: | Yes. |
| The Court: | You still wish to testify? |
| Petitioner: | Yes, sir. |

(Trial Tr., Vol. 2 at 129-130).

The record reflects that Petitioner chose to testify. His claim that defense counsel was ineffective for calling him as a witness is without merit and should be denied.

### (c) Petitioner's prior conviction and the jury charge

Petitioner argues his counsel was ineffective for failing to object to evidence of Petitioner's prior conviction for murder. Petitioner also argues his counsel should have objected to the jury charge. The charge's instructions state that the jury should not consider Petitioner's conviction for any other purpose except to aid the jury in determining Petitioner's credibility. Petitioner, however, was informed by the trial court that if he chose to testify, the court would allow the prosecution to question him regarding his former conviction under Texas Rule of Evidence 609(a). (Trial Tr. Vol. 2 129-30). Petitioner does not state any legal basis for objecting to this evidence. Petitioner's counsel is not required to make frivolous objections. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Petitioner's claims are without merit

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -6-

and should be denied.

### (d) Pre-trial motion

Petitioner argues his counsel was deficient for filing only one pre-trial motion and for failing to have the motion ruled on. The record shows that defense counsel filed an Omnibus Pre-trial Motion which included requests for any evidence relevant to Petitioner's guilt or innocence. (Clerk's Record at 9-15). Petitioner has not identified any evidence that his counsel should have obtained but failed to do so. Petitioner's conclusory allegations are insufficient to support habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

### (e) Lesser included instruction

Petitioner argues his counsel was deficient for failing to request a jury instruction for a lesser included offense. It is well settled, however, that in non-capital cases, the failure to provide a jury instruction on a lesser included offense does not raise a federal constitutional issue. *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998). Petitioner's claim should therefore be denied.

### (f) Case investigation

Petitioner argues his counsel failed to adequately investigate the case against him. He states that a proper investigation would have shown that complainant made her allegations against Petitioner as way to "get to" her lover. (Traverse at 5). He also states his counsel should have investigated: (1) why complainant "ran off and avoided to testify (sic) to her charges after more than nine attempts by D.P.D."; (2) why the complainant refused medical treatment; (3) whether the assault occurred on the car trunk or on the ground; (4) why there was no semen; and

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        Page -7-

(5) whether complainant was drunk at the party and falsely made outcry allegations to her sister and/or niece. (*Id*).

To establish that counsel was ineffective for a failure to investigate, the petitioner must do more than merely allege a failure to investigate – he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). Petitioner has submitted no evidence regarding his allegations. The record reflects that the complainant contacted the police the morning after the assault. (Trial Tr. Vol. 2 at 104). The record also shows that defense counsel questioned the complainant regarding how much she had to drink on the night of the incident. (*Id*. at 107). Defense counsel also questioned the complainant about not seeking medical treatment after the assault. (*Id*. at 108).

Petitioner has not stated what type of further investigation should have been conducted and what a further investigation would have revealed. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Petitioner has failed to show that his counsel failed to perform an adequate investigation. His claims should be denied.

**4.      Insufficiency of the Evidence**

Petitioner argues the evidence was insufficient to support his conviction. When reviewing an insufficiency of the evidence claim, the relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S, 307, 319 (1979). When "faced with a record of historical facts that supports

conflicting inferences [courts] must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id*. at 326.  Further, under *Jackson*, determining the credibility of the witnesses is generally beyond the scope of review. *Schlup v. Delo*, 513 U.S. 298, 330 (1995).

In this case, Petitioner was convicted of sexual assault by contact.  Under Texas law at the time of the offense, a person commits sexual assault if the person knowingly or intentionally causes the penetration of the anus or sexual organ of another person by any means, without that person's consent.  Tex. Penal Code § 22.011(a)(1)(A) (West 2001).

The complainant testified that Petitioner told her to pull her shorts down and that complainant refused, telling Petitioner "it's that time of the month." (Trial Tr. Vol. 2 at 97). Complainant testified that Petitioner pulled down her shorts and started licking her vagina even though she tried to push his head away she repeatedly told him "no" and "stop." (*Id*. at 97-98).

On direct appeal, the Fifth District Court of Appeals rejected Petitioner's claim of insufficiency of the evidence.  The court stated:

> [complainant] testified appellant pulled down her shorts and underwear, put her on the trunk of his car, pulled her legs apart, and kissed and licked her vagina.  After she refused to lie on the ground, appellant pulled her down to the ground and tried to insert his penis into her vagina.

*Gonzales v. State*, No. 05-02-00702-CR, slip op., at 3.

The Court finds the evidence was sufficient to show Petitioner knowingly or intentionally caused the penetration of the complainant's sexual organ without her consent.  Petitioner's claim should be denied.

**5.     Jury Charge**

Petitioner argues the jury charge was defective because: (1) the charge made reference to

Petitioner's prior conviction; (2) the charge stated the jurors were the exclusive judges of the facts; and (3) the charge was not signed.

Improper jury instructions in state criminal trials rarely justify federal habeas relief. *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991)). In examining such a claim, the "'inquiry is not whether there was prejudice to the [petitioner], or whether state law was violated, but whether there was some prejudice of a constitutional magnitude.'" *Galvan*, 293 F.3d at 764, (quoting *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986)). This, in turn, requires the petitioner to prove that the erroneous instruction "'by itself so infected the entire trial that the resulting conviction violates due process.'" *Id*. at 764-65 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). Moreover, there is a strong presumption that errors in jury instructions are subject to a harmless error analysis. *Id*. at 765. A constitutional error is harmless unless it "had a substantial and injurious effect or influence in determining the jury's verdict." *Id*. (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

In this case, Petitioner has failed to show that the jury instructions were improper. The charge instructs the jurors not to consider Petitioner's prior conviction for any other purpose except in aiding the jury to determining Petitioner's credibility. This limiting instruction was proper, and was intended to protect Petitioner since the fact of his prior conviction was admitted at trial pursuant to Texas Rule of Evidence 609(a). Further, the charge's statement that the jurors "are the exclusive judges of the facts proved," (Clerk's Record at 26), is also proper and is an accurate statement of the law. Finally, the trial court signed the jury charge and the presiding juror signed the jury verdict form. Petitioner's claims are without merit and should be denied.

**6.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 27th day of January, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).